PER CURIAM.
Defendant, Freddie Lee Wilson, was tried by a jury and convicted of murder, La.R.S. 14:30 and given a life sentence in the state penitentiary. During the proceedings, the defendant reserved and perfected thirteen bills of exceptions; however upon this appeal, he has argued only Bill of Exceptions No. 1 and apparently has abandoned the others. Nevertheless, we have reviewed the remaining bills and have found them all to be without merit.
Bill of Exceptions No. 1 was taken to the trial court’s denial of a Motion for a Mistrial after a co-defendant, Louis Scott, had been severed from the trial. Defense counsel based his objections on the grounds that the defendant’s right to confrontation of witnesses against him had been violated.
Before the prosecution elected to sever the co-defendant Scott, it had introduced testimony by Police Investigator, Ronald Black, as to what Scott had said during his confession. Counsel contends this testimony, after the severance, became nothing more than hearsay and was therefore inadmissible.
The former co-defendant Scott subsequently took the witness stand and he substantially corroborated the essence of the testimony of Black. Assuming Black’s testimony was hearsay as to the present defendant, we note that Scott himself testified in person as to the defendant’s guilt and was subjected to extensive cross-examination by defense counsel. Thus, the right of confrontation was afforded.
As to counsel’s argument that the defendant’s right to cross-examination under the rule in Bruton v. United States, 391 U.S. 293, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) was violated, this was also corrected *280 by virtue of the severance and the subsequent opportunity to cross-examine the former co-defendant.
This bill lacks merit.
For these reasons, the conviction and sentence are affirmed.
BARHAM, J., concurs.